969 So.2d 487 (2007)
Reuben WASHINGTON, Appellant,
v.
Cynthia Heard STEVENS, Appellee.
No. 5D06-3552.
District Court of Appeal of Florida, Fifth District.
November 16, 2007.
Reuben Washington, Ocala, pro se.
Bill McCollum, Attorney General and William H. Branch, Assistant Attorney General, Tallahassee, for Appellee.
PALMER, C.J.
Reuben Washington appeals the trial court's order denying his motion to terminate *488 his court ordered child support obligation. Concluding that the trial court committed no reversible error, we affirm.
The Florida Department of Revenue (DOR) filed a petition on behalf of Cynthia Stevens to establish paternity and child support for her son. Washington was subsequently adjudicated to be the biological father of the child and ordered to pay $129.00 per month in child support.
Pertinent to this appeal, Washington filed a pro se motion in the trial court seeking to terminate his child support obligation claiming that his parental rights had been terminated.[1] A hearing was set on the motion. At the hearing, which Washington did not attend,[2] the DOR attorney asked the trial court to deny Washington's motion. DOR alternatively argued that Washington's motion should be held in abeyance and addressed once he was released from prison, citing to Department of Revenue v. Jackson, 846 So.2d 486 (Fla.2003). The trial court denied Washington's motion with leave to renew once he was released from prison. This appeal timely followed.
When a parent seeks to modify a child support obligation because he or she is unable to pay due to incarceration, the parent may file a petition to modify with the trial court that entered the original child support order. However, the trial court should hold the petition in abeyance and place the matter on its inactive calendar for the term of the parent's incarceration until a time when a thorough evaluation of the parent's ability to pay may be conducted, and a farsighted plan for payment may be established. Department of Revenue v. Jackson, 846 So.2d 486 (Fla. 2003).
Both Washington and the DOR now claim that the Jackson case does not apply to this situation. Washington argues that the trial court erred in applying Jackson because he never sought to modify his child support obligation. DOR claims Jackson has no application to this case and, instead, argues that the trial court properly denied Washington's motion because Washington failed to meet his burden of proving that his parental rights had been terminated.
Washington had the burden of proof with regard to his motion to terminate his child support obligation and his failure to meet that burden justified the trial court's denial of his motion. Furthermore, the trial court properly denied Washington's motion with leave to renew once his term of incarceration has ended. At that time, Washington will be in a position to re-file his motion to terminate child support and, if successful, relief will be available retroactive to the date of the alleged termination of his parental rights.
AFFIRMED.
PLEUS and TORPY, JJ., concur.
NOTES
[1] Washington's claim that his parental rights had been terminated was based on an order issued by the clerk of this court, dated December 15, 2005, which references a trial court order terminating parental rights. That order appears to contain a scrivener's error, since the underlying action in that appeal did not involve an order terminating parental rights but, rather, an order denying a dependency petition.
[2] Washington was incarcerated at the time of the hearing and his request to appear telephonically was not granted.